

RECEIVED

MAY 27 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

vincent nwafor  
   plaintiff

V.

UNITED STATES OF AMERICA  
   DEFENDANT

Pennsylvania State )  
          SS:  
Union County )

\* IN THIS MATTER OF  
\* CASE No. 90 CR 654-2  
\*  
\* **08CV3051**  
\* **JUDGE HOLDERMAN**  
\* **MAGISTRATE JUDGE MASON**

MOTION TO RETURN PROPERTY  
Pursuant To Title 18 U.S.C.A. Rule 41(g)  
Of The Federal Rules Of Criminal Procedure

AND NOW COMES, vincent nwafor, Pro Se Plaintiff who respectfully moves this most Honorable Court by This Motion To Return Property; and I affirm that the fact in this motion are True, Correct, and Complete not to meant to mislead to Truth and Nothing but The Truth, so help me God. The "Motion To Return Property" before this Honorable Court, is a case of Lack Of Subject Matter Jurisdiction, that may be raised at any time; because If an Indictment does not charge a cognizable Federal Offense, or fails to show a Statutory Jurisdiction in the Court, ( especially within its Original Superseding Indictment), such Egregious errors shall be noticed by the Court, and should be dismissed for not having power to hear the case. See Article III, Section 2 of the Constitution.

Hereinafter, Plaintiff being unschooled in Law request this Court not to hold this Plaintiff on the same standards of a Counseled Litigant. See e.g., **Haines V. Kerer,** 404 U.S. 519 30 L.Ed 2 652 92 S. Ct. 594 [1972] [Per Curiam]. Plaintiff moves this Honorable Court to Grant This Rule 41(g) "Motion To Return Property" for a good cause of due process of the Law.

The undeniable And The Unforfeitable Jurisdictional Statement Of Facts In Support Of The Motion To Return Property Pursuant To Rule 41(g) Of The Federal Rules Of Criminal Procedure Thereof Are As Follows:

1. THE UNDENIABLE FACT is that, In order to understand the Legal Relationship between " Civil " Forfeiture and Summary "Administrative", Forfeiture, This Court should Recognize the exception to the General Rule which States that: " If Forfeiture Is Procedurally Deficient ", the court has Jurisdiction to Correct the Deficiency; as in this case before you today.

2. It is a matter of fact that This District Court, Lacks the Jurisdiction to enter a Judgment of Forfeiture of Plaintiff's seized Money, Toyota-Supra-Turbo car (1988), Compact-Disk Carrying-Case with Invaluable C.D. Collections, Rolex-Wrist-watch, and Motorola Cell-Phone, in a Secretive Illegal Forfeiture Proceedings; unless the Original Superseding Indictment or Information Contains Notice to the Plaintiff that the Government will seek the Forfeiture of Property as part of any sentence in accordance with this Applicable Statute. See Fed. Rule. Crim. Procedure Rule 32.2(a).

3. Even if there has been an invasion of Federal Statutory Rights, the United States Supreme Court and the Lower Courts are not free to fashion Remedies that Congress has specifically chosen not to extend; therefore, it is erroneous for the District Court to Forfeit Plaintiff's Properties in this very case; knowing that: "Any Fact that increases the Penalty for a Crime Beyond The Legal Prescribed Statutory Maximum, Must Be Charged In The Indictment Submitted to a Jury, and proved beyond a Reasonable Doubt; so, I'm asking this Court to Order the Government to Return all the Properties Illegally Seized and Forfeited in Case No. 90 CR 654,

2

because the Illegally Forfeited Property is an Increase In Penalty and Sentence for a Crime Not Charged in the Indictment.

4. This Court should order the Government to return all seized items involved in Case No. 90 CR 654, because the Forfeiture was based upon an Indictment which failed to charge "The Forfeiture Of Property" as an Essential Element, therefore, it Egregiously Violated vincent nwafor's Fifth Amendment Right to be tried upon charges found by a Grand Jury, and thus, such defect is not subject to Harmless Error Analysis; but rather, it is **Ultra Vires.**

5. In assessing whether an Indictment charges the Forfeiture of Property as part of an Offense Under Statutory Provision Alleged, it is generally sufficient that an Indictment Set Forth Offenses in Words of Statute itself, as long as those works of themselves Fully, Directly, and Expressly, without any uncertainty or ambiguity, Set Forth all the Elements necessary to Constitute the Offense intended to be punished.

6. Thus, it is an Undeniable Fact that "**NO COURT**" can Impeach the Statute's Plain Language; therefore, Courts in Applying Criminal Laws Generally must follow the plain and Unambiguous meanings of the Statutory Language. As the Supreme Court has Consistently reminded the Courts that: "**NO PROCEDURAL PRINCIPLE**" is more familiar to the Federal Courts than that of a "**CONSTITUTIONAL RIGHT,**" or a right of any other sort not to be Forfeited in a Criminal as well as Civil Cases; as in the Plaintiff's Case before this very Court today.

7. As a matter of Statutory Jurisdiction, since an Indictment that sets forth all the essential elements of an offense is both Mandatory and Jurisdictional, then this Court is without

3

Jurisdiction to impose a Sentence of Forfeiture or Summary Judgment for an Offense that is not charged in the Indictment; and such an error seriously affects the Fairness, Integrity, and Public Reputation of a Judicial Proceeding. The Forfeiture of Plaintiff's Properties is another Sentence, ( " That Is Illegal " ), so I'm asking this Honorable Court to Order the Government to Return all the Properties Seized in connection with Case No. 90.CR 654, that was Forfeited without any form of due process.

8. In General, as soon as practicable, after a Verdict or Finding of Guilt in a count of an Indictment, the Court must first determine whether the property that the Government sought to Forfeit after a Jury Verdict of Guilt in a Criminal Trial is Subject to Forfeiture under the Applicable Statute. The Undeniable Fact in a Forfeiture Proceedings is that, if the Government seeks to Forfeit any Specific Property, the Court must make a Conscientious Legal Determination of whether the Government has established the **" REQUISITE NEXUS "** between the property and the offense that is not charged in the Indictment. There can be no Forfeiture Penalty or Judgment, when it is not charged as an Offense in the Original Superseding Indictment that was presented to the Jury.

9. The Complete Omission of an Essential Element of a Crime, ( e.g. Forfeiture Count ), whereby, an Essential Element to be Punished do not otherwise appear in the Indictment by the words of Import, so that the Indictment totally fails to allege or charge a Federal Crime under its Criminal Statute, it does violates the requirement of the **FIFTH AMENDMENT,** which states that no Person Shall Be Held To Answer For A Capital, or Otherwise Infamous Crime, Unless on the Presentment or Indictment of a Grand Jury,

4

is a **" FUNDAMENTAL JURISDICTIONAL DEFECT "** that is not subject to a Harmless Error Analysis. U.S.C.A. Cont. Amend. 5.

10. " Wisdom Is The Principle Thing In Any Proceeding: therefore let's get some Wisdom, but with all our getting, let's get some Legal Understanding in this matter before this Court today. The Undeniable Fact and Truth is that after an Indictment has been **" MODIFIED Or CHANGED "** by the Government to achieve their goal of Forfeiting Plaintiff's Properties, It is no longer the Original Indictment that was presented by the Grand Jury. Thus, any other Doctrine that would place the Rights of this Plaintiff, which was intended to be protected by the Constitutional Provision, at the mercy of control by the Prosecuting Attorney in this case is **" Ultra Vires "**.

11. Since subject Matter Limitations on Federal Jurisdiction serves Institutional Interests by keeping the Federal Courts within the Federal Constitution that the Congress Prescribed, then the Subject Matter Delineations must be Policed by the Courts on their own initiative even at the highest level. Thus, this is a matter of fairness in Justice, and in the due process of the Law.

12. The Undeniable Fact is that ( **All Lower Courts " Derives [Their] Jurisdiction Wholly Form The Authority Of Congress "**); and Thus, The Federal Courts **" Possess No Jurisdiction Over Crimes And Offenses...** Except what is given to them by the power that created them ". In other to Forfeit Plaintiff's Properties, it must first be charged in an Indictment and presented to the Jury.

13. Plaintiff is asking this Court in Good Faith to Order the Government to return all the Properties involved in Case No, 90 CR 654; because " The Power Of Punishment Is Vested in the

5

Legislative, and not in the Judicial Department," and the Civil and Criminal Statues are to be Construed Strictly; "Probability" cannot serve to " Enlarge A Statue ", and an Offense not clearly within the terms of a Statute "Precludes" Federal court's Jurisdiction, as in this very case at bar

14. The United States Supreme Court did State Emphatically that, after an Indictment has been returned, its Charges may not be Broadened Through Prosecution's Amendment, Except by the Grand Jury itself; therefore, a Federal Court Cannot permit this Plaintiff's Properties to be Forfeited, nor to be tried on an Allege Forfeiture Charges that was not made in the Indictment.

15. Generally, Waiver Of Constitutional Rights must be Knowing and Voluntary, but Waiver Of Statutory Right may be valid even if it is Knowingly made; but the Waiver of Statutory Right to have a Jury Determine which Portion of Plaintiff's Property that is Subject to Forfeiture is only Valid if it is Knowingly and Voluntarily made. Plaintiff must know of his Sixth Amendment Right to Counsel in other to Validly Waive it in a Proceeding, and also the Waiver of Fifth Amendment Rights must be knowing and Voluntary. However, Since Plaintiff in this case did not Execute any form of Waiver of his Properties on Record before this Court, nor Waives his Right to a Jury Trial on the issues of which Property is Subject to Forfeiture; I therefore, out of good faith ask this Honorable Court to Order the Government to Return Every Property Seized Illegally, or the Monetary Equivalence of the Properties taken Illegally.

16. A Criminal Forfeiture is in " **PERSONAM JUDGMENT** " against a person convicted of a Crime, while " **CIVIL FORFEITURE** " is in **REM PROCEEDING** in which Liability attaches to particular property,

and not particular Institutions or Individuals; therefore, a Plaintiff in Criminal Forfeiture Proceeding is a person, and a Plaintiff in Civil Forfeiture Proceeding is a particular Property; Thus, the Statute Permitting Forfeiture of Money or Seized Property that is not "**DIRECTLY TRACEABLE**" to Illegal activity does not apply Retrospectively, inasmuch as doing so would have a Retroactive effect; and it is very clear that the Statute contains no clear language of intent to give, nor to Upheld a Retrospective Application. All Properties involved in this very case was acquired before the Indictment of Plaintiff in this very case before you. ( No. 90 CR 654 ).

17. Plaintiff do hereby notify this District Court to realize that in a **Subject Matter Jurisdiction,** a Court Adjudicating Rights to Real Property must have **Personal Jurisdiction** Over the Plaintiff, in Personam Jurisdiction; or Jurisdiction Over the Property, in Rem Jurisdiction, therefore, since this Court's Provision does not **Comport** with the **Constitutional Due Process, Service Was Invalid** and this Court has no **Jurisdiction** to hear a Case that was not Charged in an Indictment; so this Honorable Court should Order the Government to return all the Properties seized and forfeited without any form of **Due Process Of The Law.**

18. It is an **Undeniable Fact** that The **Twenty-One Counts Of Indictment** which the Petit Jury Convicted and found Plaintiff and his Co-conspirators guilty of, in a Jury Trial in 1991 **Forecloses** only those issues in the Original Indictment; therefore, since the seizure and Forfeiting of Plaintiff's Property is not part of the Indictment, all Properties and Money Seized Illegally by the Government should be returned; **Due Process Should be Upheld.**

19. The Undeniable Fact is that there are several assignments of errors in this Forfeiture matter; one of which is that this District Court applied the wrong burden of persuasion, that requires the Government to prove its forfeiture allegations beyond a Reasonable Doubt before a Jury; and moreover, the Toyota Supra Turbo Vehicle was purchased in 1988, The Rolex Wrist-Watch was purchased in 1986, The $21,900 in $100 Bills seized from Plaintiff's brother apartment was not Traceable to any illegal activity, and most of the $103,940 in $100 Bills seized from Miss Darlene Sumpter was not Traceable to the proceeds of illegal activity. The fact is that the Government cannot prove that all the properties that is illegally Forfeited was bought with Tainted or illegal Funds; therefore, all the Money and the Properties should be returned, because they were forfeited without a Due Process Of The Law.

20. If a Property is taken Accidentally, Fraudulently, or Improperly, as in this case before this Court, nor taken in an Administrative Forfeiture that is Procedurally Deficient, this Honorable Court has Jurisdiction to correct Deficiency that Violates Due Process of the Law.

21. Several U.S. Circuit Courts has held that Civil Forfeiture of money or property connected with conspiracy and money laundering after the Claimants had been convicted and Sentenced for those crimes, violates the Constitutional Prohibition against the Double Jeopardy Clause.

22. The Principle of Proportionality should be applied in Civil Forfeiture Action that results in Harsh Penalties; but in this Plaintiff's Case, the Government Exacted Too High Penalty in relation to the Offense Committed; because, the Conviction in a

Jury Trial, that resulted to a Sentence of 396-Months, plus a Life Supervised Release Forecloses the Forfeiture of Properties not charged in the Indictment; ---Besides, Eight Amendment "States that "**EXCESSIVE BAIL** Shall not be required, nor **EXCESSIVE FINES** be imposed, nor **CRUEL** and **UNUSUAL PUNISHMENTS** be Inflicted; and thus, The U.S. Supreme Court in AUSTIN Contends that the Eight Amendment's Excessive Fines Clause applies to **IN REM CIVIL FORFEITURE PROCEEDINGS.**

23. Throughout most of the Supreme Court's History, the Court deferred heavily to the label the Congress attached to a particular sanction in analyzing whether a sanction constituted "**PUNISHMENT**" for **Double Jeopardy Purposes**; because, the Double Jeopardy Clause of the Fifth Amendment States, ["N]or shall any person be Subjected to the same Offense to be Twice put in Jeopardy of Life or Limb:" The basis of the Fifth Amendment Protection against Double Jeopardy is that a person shall not be harassed by a Successive Trials; and that an Accused, such as this Plaintiff, shall not have to Marshal the Resources and Energies Necessary for his defense more than once for the same alleged Criminal Acts." Since the U.S. Supreme Court has many times held that the Double Jeopardy Clause Protects against...Multiple Punishments for the same Offense, then the Forfeiture of Plaintiff's Properties by the Government is in Violation of the Double Jeopardy Clause.

24. The forfeiture of Plaintiff's Money and Properties by the U.S. Government did Cross the Line between **REMEDY** and **PUNISHMENT**, because the Sanctions in this case are Overwhelmingly Disproportionate to the Offense, and the fact is that Proportionality is **THE HEART** of just Punishment. The Government's action in this very case is **EGREGIOUS** in Nature and is **ULTRA VIRES.**

25. The granting of Summary Judgment to the Government by the U.S. District Court is an Error that needs to be Corrected; because a Civil Forfeiture Constitutes **"PUNISHMENT"** that triggers protections of Double Jeopardy Clause, and moreover, a Criminal Prosecution and a Civil Forfeiture Action that is based on the same Offense had to be brought in the same Proceeding, that is in the Same Indictment.

26. It is an Undeniable and Unequivocal Fact that the Government cannot provide any evidence to support the fact that all the properties at issue, and all the money seized consists entirely of only Illegal Proceeds.

27. The United States Supreme Court States that "The Notion of Punishment, as they understands it, Cuts Across the Division Between the Civil and Criminal Law, and for the purposes of assessing whether a given Sanction Constitutes Multiple Punishment Barred by Double Jeopardy Clause, the Court must follow a Principle test to determine whether "[A] Civil Sanction that cannot fairly be said solely to serve a Remedial purpose, but rather can only be explained as also serving either a **Retributive or Deterrent Purposes,** is Punishment, as the U.S. Supreme Court have come to understand the term; so this District Court should note that, Supreme Court's Holding in AUSTIN was that the **Eight Amendment's Excessive Fines Clause** applies to Civil Forfeiture Actions.

28. The most basic Element of the Double Jeopardy Clause is the Protection it affords against **Successive Prosecution** — that is against efforts to impose Punishment for the Offense in Two or more Separate Proceedings. This very protection applies with equal force whether the first prosecution results in a Conviction or an Acquittal.

However, whatever other abuses the Clause Prohibits, at its most Fundamental Level it Protects an Accused against being forced to Defend himself against repeated attempts to exact one or more Punishments for the same Offense. "**The Basis Of The Fifth Amendment Protection Against Double Jeopardy Is That A Person Shall Not Be Harassed By Successive Trials;**" This Principle is "**DEEPLY IN GRAINED** in at least the **Anglo-American System Of Jurisprudence,**" and, in fact, traces its Roots "**Deep Into Greek And Roman Times.** There is no doubt that this Plaintiff's Case Implicates the **Core Of Double Joepardy Protection.**

29. The U.S. Supreme Court, ( Justice Blackmun, Delivered Majority Opinion), which held that the Clause of the Eight Amendment Prohibits the **Imposition Of Excessive Fines** that is applied to a Drug-Related Forfeiture of Property to the United States Government, because such a Forfeiture Constituted Payment to a "**SOVEREIGN**" as Punishment for some Offense, and did not serve Solely a Remedial Purpose, since forfeiture generally and Statutorily **In Rem Forfeiture** in Particular Historically have been understood, at least in part, as Punishment; and moreover, there is nothing in the Legislative History that Contradicts the Historical understanding of Forfeiture as, at least in part, " **PUNISHMENT** ".

30. The Sixth and several other Circuits has stated that - " the general rule is that seized property, other than Contraband, should be returned to its rightful owner once the Criminal Proceedings have terminated. The Judicial Fact being that the Doctrine of **Res Judicata** should not be applied, however, when it would result in the manifest of Injustice to a party or violates an overriding Public Policy, so Due Process must be respected.

11

31. The United States Supreme Court has stated consistently that a defendant, (in this case, a Plaintiff) has a "**Substantial Right**" to be tried only on charges presented in an Indictment returned by a Grand Jury: Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error. See <u>Stirone V. United States</u>, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). The fact that the United States charged this Plaintiff and his co-defendants with the violations of: Title 21, U.S. Code, Sections 841(a)(1), 846 and 952(a), Title 31, U.S. Code, Sections 5324(a) and 5322(a) in a 21-Count Superseding Indictment is not a sufficient basis on which to find Federal Jurisdiction to Forfeit Plaintiff's Money and Properties. Thus, without alleging an effect of any Forfeiture Charge in the 21-Count, then the Forfeit of Plaintiff's money and properties in this case was "**Jurisdictionally Defective**".

32. If the Government, Police and the Prosecutors could always be trusted to do the "**Right Thing**" there would have never been a need for the **Bill Of Rights**. Prosecutor does not represent an Entity whose interests include winning at all costs; Prosecutor's client is society, which seeks **Justice, Not Victory**. Supreme Court Justice Douglas Stated that " The Function Of The Prosecutor under the Federal Constitution is not to tack as many Skins of Victims as possible to the wall; ( as in this case before this Court ), but rather, Prosecutor's function is to Vindicate the Right Of People as expressed in the Laws and give those Accused of Crime a Fair Trail.

33. Furthermore, **Notice Alone** cannot form a Sufficient Basis to Validate a "**Jurisdictionally Defective Indictment**", because, the inclusion of all elements ... derives from the Fifth

Amendment, which requires that the Grand Jury have considered and found all elements to be present. Plaintiff did not waive this Jurisdictional Defect of Government's Forfeiting his money and properties because of being found guilty in a Jury Trial. Plaintiff's Conviction in a Jury Trial does not waive the "**Egregious Constitutional Violations**" that occurred after the Criminal Trial; however, **Jurisdictional Claims** are an exception to the rule, that the applicable Forfeiture Statute used in this case is Unconstitutional in Nature; since the Superseding Indictment Fails to State or charge a Forfeiture Offense, so this Plaintiff's Jurisdictional Claims cannot be waived by the Guilty Conviction in a Jury Trial.

34. The Government Shooting for the Moon will assume that it matters not whether only the Thirty-Nine One Hundred Dollars Bills ($3,900) with the matching serial numbers was found in the Illegally Search and Seizure Nos. 90-3906-00138 and 90-3901-00348 is traceable to Specific Unlawful Activity, and therefore, treats all the money and property Illegally seized as criminals. It makes no sense to confiscate whatever property and monetary balance involved in this case. Just because $3,900 dollars bearing particular matching serial numbers was found in Miss Darlene Sumpter's possession does not renders the rest of the money and the properties Illegally seized forfeitable.

35. Money is a "**Property**", once it is distinguished from its container, it follows that the presence of **One Illegal Dollar** in a container does not taint the rest — as if the Dollar obtained from a Criminal Act were like a **Drop Of Ink** falling into a Glass of Water; so, the Indictment to which this Plaintiff was charged and found guilty in a conspiracy trial forecloses those issues

13

determined by the Jury.

36. The Sixth and several other Federal Circuit Courts has stated that — "The General Rule is that seized Property, other than Contraband, should be returned to its **Rightful Owner** once the Criminal Proceedings have terminated.

    Therefore, Plaintiff is asking the Government to return the following items that was acquired prior to being Indicted by the Government: 1988 Toyota Supra Turbo Vehicle, $28,000 in value; Rolex Wrist-watch purchased in 1985 valued at $10,000; Gazel Sunglasses valued at $350; $4,000 seized at Plaintiff's residence without a search warrant; $21,900 in $100 Dollar Bills seized at my Brother, Gibson Nwafor's residence without a search warrant; Compact Disk collections and its carrying case, valued at $1,000; and the $103,940 Dollars in $100 Bills seized from Plaintiff Girl-Friend, Miss Darlene Sumpter at O'Hare Airport on March 31st, 1990 prior to Boarding an International Flight to Lagos Nigeria. The seizures were done without a search warrant. Plaintiff is asking this Honorable Court to Order the Government to return a total of $169,190 Dollars of Monetary Value for all the money and properties Illegally Forfeited in a Separate Proceedings; which is a violation of Double Jeopardy Clause.

37. **Law Is Reason Without Passion,** and the failure to follow the Law, as the Government did in this case, is **Treason Against the Law;** so Plaintiff's right under the Fifth Amendment, to have the Grand Jury make the Forfeiture Charge on its own Judgment is a **Substantial Right** which cannot be taken away with or without Court Amendment of the Superseding Indictment in this case at bar. The Crucial Question here is whether Plaintiff was "**Punished**" twice for an Offense, ( ie. Forfeiture ) that is not charged in the Indictment?

14

38. In Conclusion, it is fitting to quote from Justice Brandeis dissent opinion in **Olmstead V. United States**, 277, U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928); which states that: "**Decency, Security, And Liberty**" alike demands that Government Officials shall be Subjected to the same Rules of Conduct that are Commanded to the Citizens. In a Government of Laws, existence of the Government will be imperilled if it fails to observe the law Scrupulously. The Government is the Potent, the Omnipresent Teacher. For Good or for ill, it teaches the whole people by its example. Crime is Contagious, If the Government becomes a Law-breaker, it breeds Contempt for law; it invites every man to become a Law Unto Himself; it invites Anarchy. To declare that in the Administration of the Criminal Law, the End Justifies the Means — To declare that the Government may Commit Crimes in order to secure Conviction of a private Criminal — would bring terrible Retribution. Against that Pernicious Doctrine, this honorable Court should resolutely Set its Face. Since Plaintiff's money and properties was taken and forfeited Fraudulently, Improperly, and is Procedurally Deficient, and Ultra Vires in nature, therefore this Court has Jurisdiction to Correct the Deficiency involved in this case at bar.

    **WHEREFORE,** Plaintiff in his Prayer for Relief moves this Honorable Court to Issue Relief by Granting this Motion To Return Property Pursuant To Title 18 U.S.C.A. Rule 41(g) Of The Federal Rules Of Criminal Procedure; and Order the Government to Return the sum of $169,190 Dollars in monetary and property value to Plaintiff within 30-days; and also any other Relief this court deems necessary. Plaintiff thanks this Honorable Court in Anticipation that this Motion To Return Property will be Granted.

Law Is Reason Without Passion, and the Government's Failure to follow the Law is "Treason Against the Law. Plaintiff Sincerely Pray that this Honorable Court will Grant an immediate Relief by Ordering the Government to Return all money and properties monetary values within 30-days; based on the Undeniable Facts Presented in this motion. I, the Plaintiff have executed this Rule 41(g) Motion Without the United States. I do hereby declare under Penalty of Perjury <u>Under The Laws Of The United States Of America</u> that the Foregoing is True, and Correct. Executed on the date below. Pursuant To 28 U.S.C. § 1746.

Dated On This ___14___th Day Of ___May___ 2008 A.D.

Respectfully Submitted

_____
Vincent Nwafor, Pro Se Plaintiff
Reg. # 96415-024
Low Security Correctional Institution
P.O. Box 1000
White Deer, PA. 17887

## CERTIFICATE OF SERVICE

I, Vincent Nwafor, do hereby Certify under the penalty of perjury within and without The United States, that I have sent a True and Correct Copy of the Motion To Return Property, Via First Class Pre-Paid Postage to the below-listed parties, by placing said Motion in a Postage-Paid Envelope and mailed said envelop via The United States Mail Service Out-let located at L.S.C.I. Allenwood, Pennsylvania Prison Complex on the below date.

Dated On This _14_th day of _May_, 2008 A.D.

Respectfully Submitted

_Vincent Nwafor_
Vincent Nwafor, Pro Se Plaintiff
Reg. # 96415-024
L.S.C.I. - Allenwood
P.O. Box 1000
White Deer, PA. 17887

Zaldwaynake L. Scott
Office Of The Assistant United States Attorney
219 South Dearborn Street 5th floor
chicago, Illinois 60604


Clerk Of The Unites States District Court
For The Norther District Of Illinois
Eastern Division
219 South Dearborn Street
Chicago, Illinois 60604