IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Vincent Nwafor,           )     IN THIS MATTER OF
    Plaintiff
  v.                      **08CV3051**
                      **JUDGE HOLDERMAN**
UNITED STATES OF AMERICA  **MAGISTRATE JUDGE MASON**
    Defendant

**FILED**
MAY 27 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AFFIDAVIT IN SUPPORT OF MOTION
TO RETURN PROPERTY

STATE OF PENNSYLVANIA )
                      ) SS: AFFIDAVIT OF Vincent Nwafor
COUNTY OF UNION       )

I, Vincent Nwafor, a Pro Se Plaintiff do hereby Solemnly Swear and Executed this Affidavit In Support of this Motion To Return Property; and do State and Affirm that this Affidavit is True, Correct, and Complete on it's Merits; and is not meant to mislead The Truth, and Nothing but the Truth, so Help Me God.

   COMES NOW the Plaintiff in the above Styled Action, Vincent Nwafor, and After Being Duly Sworn, Deposes and Says:

   1) That I am Representing Myself Pro Se in the above styled Action without the Assistance of Counsel.

   2) That Count One — Count Twenty-One of the SPECIAL OCTOBER 1990-1 GRAND JURY Charges: Stated that from in or about January 1989 to in or about September 1990, at Chicago, in the Northern District of Illinois, Eastern Division, and else where, charged Plaintiff and other known defendants with knowingly and intentionally distribute and possess with intent to distribute heroin, a schedule 1 Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841 (a)(1); 846 and 952(a), Title 31, United States

Code, Sections 5324(a) and 5322(a); however, Forfeiture Count was never charged in the Indictment, and this makes it a violation of the FIFTH AMENDMENT Requirement; which states that No Person Shall Be Held To Answer For A Capital, or Otherwise an Infamous Crime, Unless on the Presentment or Indictment of a GRAND JURY; so, this is a matter of a " **FUNDAMENTAL JURISDICTIONAL DEFECT** ", that is not subject to a HARMLESS ERROR Analysis.

3) That Lack of Subject Matter Jurisdiction may be Raised at Any Time in the course of a Proceeding and is never waived; and that Matters of Jurisdiction may be raised at ANY TIME, because if an Indictment does not Charge a Cognizable Federal Offense, ( in this case, Forfeiture Count ), then a Federal Court Lacks Jurisdiction to Grant Summary Judgment against Plaintiff for a Violation of an Offense not charged in the Indictment; and also does not have the power to hear the case. See Fed.R.Crim.P. 12(b)(2).

4) That Plaintiff's " **WAIVERS OF CONSTITUTIONAL RIGHTS** " to be Presented with Forfeiture Indictment Charge, not only must be Voluntary, but must be Knowingly Intelligent Acts done with Sufficient Awareness of the Relevant Circumstances and Consequences.

5) That when the District Judge has already imposed a criminal Penalty of 396-Months of Imprisonment, plus Life Supervised Release, and a Court Assessment fee of $350 fine against Plaintiff, and then seeks to impose " **Additional Punishment** " in a second proceedings; it follows that a Civil Sanction that cannot fairly be said solely to serve a Remedial Purpose; but rather can only be explained as also serving either Retributive or Deterrent purposes, is " **PUNISHMENT** ", as the Supreme Court have come to understand it.

6) That the DEA Agents and the Chicago Police Task Force never Presented Plaintiff with a Genuine Warrant that Identifies the Person

2

or property to be searched, or identify any person or property to be seized, nor present a warrant that designate the Magistrate Judge to whom it must be returned.

7) That Plaintiff was Sentenced to 396-Months in Prison, fined $350.00 Dollars Court assessment fee, and was given an additional sentence of Life Supervised Release, and that a Summary Judgment was Granted the Government in a Separate Proceedings that is worth a Monetary Value of $169,190.00 Dollars in money and properties, which is a violation of Due Process. The Eregious Penalty applied to Plaintiff constitutes Punishment and violates The Double Joepardy Clause.

8) That when an Indictment fails to allege all elements of offense, (such as Forfeiture Count), that the Defect may be raised by the Court Sua Sponte. Fed. Rules. 12(b)(2), 18 U.S.C.A.; and that notice alone cannot form a sufficient basis to validate a **JURISDICTIONALLY DEFECTIVE INDICTMENT**; and that Plaintiff did not waive this Jurisdictional Defect of an Indictment by being found guilty in a Jury Trial.

9) That the Government violated the most basic Element of the Double Jeopardy Clause which is the protection it affords against Successive Prosecutions — that is, against efforts to impose Punishment for the same offense in two or more separate Proceedings; and that this protection results in a Conviction or an Aquittal.

10) That most of the Federal Appellate Courts that has faced similar issues, as Plaintiff's case has held that a Defective Indictment in a Forfeiture Proceeding is VOID, and lacks Legal Foundation; and that a constitutional ineffective notice, renders Forfeiture Orders Void because the court lacked Jurisdiction to enter them; and moreover, that administrative forfeiture or the Granting of Summary judgment for the Government is , **a FORTIORI, VOID,**

and is **ULTRA VIRES** in nature; therefore, the forfeiture penalty in this case at bar should be reversed and dismissed.

11) That after an Indictment has been returned, its charges may not be Broadened through Amendment, except by the same Grand Jury itself; therefore, this court should not allow Plaintiff to be Punished Twice for an offense that is not charged in the Superseding Indictment. This is a matter of Due Process Violation.

12) That a Civil as well as a Criminal Sanction Constitutes "**PUNISHMENT**" for Double Jeopardy Purposes when the Sanction as applied in this very case serves the Goal of **PUNISHMENT**.

13) That the Undeniable Fact is that, the District Court applied a Wrong Burden Of Persuasion, that requires the Government to prove it's forfeiture allegations Beyond a Reasonable Doubt before a Jury; and moreover, that the 1988 Toyota Supra Turbo Car, the Rolex Wrist-Watch, the $21,900 Dollars in $100 Bills, Gazel Sunglasses, $4,000 Illegally taken from Plaintiff residence, Compact Disks and its Carrying Case, and the $103,940 in $100 Bills seized at O'Hare Airport, ( with the exception of $3,900 marked $100 Bills) was not Traceable to the Proceeds of Illegal Activity.

14) That the United States Supreme Court many times has held that, The Double Jeopardy Clause Protects Against Three Distinct Abuses: (i) A **Second Prosecution** for the same offense after Acquittal; (ii) A **Second Prosecution** for the same offense after Conviction; and (iii) a **Multiple Punishments** for the same offense, as in this case before this court. The third of these Protections — the one at issue here — has Deep Roots in United States History and Jurisprudence. As Early as 1641 the Colony of Massachusetts in its **Body of Liberties** stated that: **No Man Shall Be Twice Sentenced By Civil Justice For One And The Same Crime, Offense, Or Trepasse.** American Historical Documents 1000-1904, 43 Harvard Classics 66, 72 ( C, Elliot ed. 1910).

15) That most of the Properties seized and Forfeited in an Illegal Proceedings was already acquired at least 3-years Prior to the date on the Superseding Indictment; and that Plaintiff in a Civil Forfeiture Proceeding is a Particular Property, and that the Statute Permitting the Forfeiture of Money or Property that is not Directly Traceable to Illegal Activities, nor Proven Beyond a Reasonable Doubt cannot be Applied Retrospectively; inasmuch as doing so would have a Retroactive Effect.

16) That two **Separate Actions, One Civil and One Criminal,** Instituted at **Different Times;** tried at **Different Times** before **Different Fact Finders,** without **Plaintiff's Presence, nor Attorney's Representation,** and Presided over by a District Court Judge, and Resolved by **Separate Judgments** does not Constitute " SAME PROCEEDINGS ", for the purpose of **Double Jeopardy. U.S.C.A Cont. Amend. 5.**

17) That Plaintiff was Arrested at West Jarvis Street on the North-Side Rogers-Park Neighborhood of Chicago, Illinois, on Sept. 10th, 1990; and that his Apartment at 1640 West Sherwin was already Broken-into by the D.E.A. Agents and the Chicago Police Task Force without a Search Warrant, while Plaintiff was in their Custody, sitting inside the Agents Van; and that this is a Violation of **FOURTH AMENDMENT Against Illegal Search And Seizures.**

18) That Plaintiff was never Shown or Presented with a **Magistrate Judge's Signed Search Warrant,** that Identify the Person or Property to be Searched, nor Identify any Person or Property to be Searched, nor Identify any Person or Property to be Seized; and also that Plaintiff was Manhandled and Coerced to Sign Unofficial and Unauthorized Consent to Search Form, which did not Conform with the Requirement of Title 18 U.S.C.A. Rule 41 (e)(2)(A) — " **Contents Of Warrant To Search For And Seize A Person or Property.". FOURTH AMENDMENT VIOLATION AGAINST ILLEGAL SEARCH AND SEIZURE.**

5

19) That the Government never Presented Plaintiff with an **Indictment That Contains A Notice** to Plaintiff that the Government will Seek the Forfeiture Of Property as Part of any Sentence in Accordance with the Applicable Statute; and that therefore, a Court Cannot and Should Not Enter a Judgment Of Forfeiture in a Criminal Proceedings Unless the Indictment Contains a Forfeiture Notice — **And That This is a Violation Of Title 18 U.S.C.A. Rule 32.2(a).**

20) That "**If The Government, Police And Prosecutors Could Always Be Trusted To Do The Right Thing, There Would Have Never Been A Need For The Bill Of Rights;**" and that The Government has a Special Responsibility to ensure the Integrity of the Criminal Judicial Procees by Living up to the Code Of Professional Ethics and Fair Play at all times; and that therefore, **A Failure To Follow The Law Is Treason Against The Law,** as seen in Plaintiff's Case before this Court.

21) That Plaintiff's **Right Under The Fifth Amendment,** to have the **GRAND JURY** make the Charge on its own Judgment is a **Substantial Right** which cannot be taken away with or without Court Amendment; and that a Summary Judgment cannot be entered against Plaintiff on a Charge that the **GRAND JURY** never made against him: This is a **FATAL ERROR** that needs to be corrected.

22) That Plaintiff, Vincent Nwafor, is Entitled in Law to have a Default Judgment Entered in his Favor Against the Government; and Vacate and Dismiss the Summary Judgment Entered Against Plaintiff; and Order the Government To Return All Properties and Money Seized Illegally.

**WHEREFORE,** Plaintiff's Affidavit In Support Of Plaintiffs' Motion To Return Property is True, Correct, and Certain.

**Further, Affiant Sayeth Not.**

Respectfully Submitted

/s/ *signature*

Vincent Nwafor, Pro Se Plaintiff
Reg. # 96415-024
L.S.C.I. - Allenwood
P.O. Box 1000
White Deer, PA. 17887

## ACKNOWLEDGEMENT

SUBSCRIBED TO AND SWORN before me this __14__ day of __May__, A.D. 2008

*signature*  Seal: COMMONWEALTH OF PENNSYLVANIA
Notary                NOTARIAL SEAL
                Christine R. Vandine - Notary Public
                GREGG TWP., UNION COUNTY
                MY COMMISSION EXPIRES FEB. 25, 2012

My Commission Expires _____.