# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3051 (90 CR 0654-2) | **DATE** | June 10, 2008 |
| **CASE TITLE** | Vincent Nwafor (#96415-024) vs. United States of America | | |

**DOCKET ENTRY TEXT:**

The petitioner/defendant's motion for leave to proceed *in forma pauperis* [#3] is denied. The petitioner is directed to pay the full $39.00 miscellaneous filing fee. Failure of the petitioner to remit the filing fee within thirty days of the date of this order will result in summary dismissal of this case. The plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The petitioner/defendant, a federal prisoner, has filed a motion for the return of seized property pursuant to Fed. R. Crim. P. 41(g). The petitioner appears to contend that forfeiture proceedings relating to the property in question (currency, a car, a compact disk collection, a Rolex watch, and a cellular telephone) denied him due process.

The petitioner's motion for leave to proceed *in forma pauperis* is denied for lack of a sufficient showing of indigence. The plaintiff's financial affidavit reveals that he has a current balance of $2,910.32 in his prison trust account. Because the plaintiff is a prisoner for whom the government provides the necessities of life, such assets do not qualify him for pauper status. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). A prisoner, like any other person contemplating a civil suit, must consider the cost of the litigation versus the probability of success.

In sum, the court finds that the plaintiff is financially able to pay the miscellaneous filing fee of $39.00. Consequently, the plaintiff must prepay the statutory filing fee if he wishes to proceed with this action. The plaintiff may pay by check or money order made payable to Clerk, United States District Court. If the plaintiff fails to pay the filing fee within thirty days of the date of this order, the case will be summarily dismissed. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

The plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed.

mjm